# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROBBIE THOMAS, | ) | Civil Action No. 3: 17-cv-0048 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | United States District Judge |
| | ) | Kim R. Gibson |
| v. | ) | |
| | ) | |
| C/O LURIE, et al., | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Defendants. | | |

## REPORT & RECOMMENDATION

**I.    Recommendation**

For the following reasons, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fees, totaling $400.00.

**II.   Report**

   A.   *Background*

Plaintiff, Robbie Thomas, is a state prisoner currently incarcerated at the State Correctional Institution ("SCI") at Benner Township, located in Bellefonte, Pennsylvania. He initiated this action on March 30, 2017, by the filing of a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) accompanied by a civil rights complaint. In his Complaint, Plaintiff alleges that on June 30, 2015, while he was incarcerated at SCI-Houtzdale he was assaulted by five correctional officers, C/O Lurue, C/O Zamesoski, C/O Archer, Lt. Kelly, and C/O John Doe.

1

PACER, a/k/a Public Access to Court Records, reflects that Thomas has incurred three or more strikes[1] for purposes of the Prison Litigation Report Act ("PLRA").[2] In his motion requesting leave to proceed *in forma pauperis*, Plaintiff states that "3 strikes 'do not' apply based on 'exception'." *See also* Complaint at 3 ("3 strikes do not apply. I was personally injured at attacks – on video tape at "no resistance" "Imminent Danger" as to my life.")

B. *Relevant Law*

Pursuant to 28 U.S.C. § 1915(g), a prisoner who has filed three actions that were dismissed on the basis that they were frivolous, malicious, or failed to state a claim upon which relief may be granted may not proceed *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed. *Ball v. Famiglio,* 726 F.3d 448, 467 (3d Cir. 2013), abrogated in part by *Coleman v. Tollefson*, -- U.S. --, 135 U.S. 1759, 1763 (2015). Inmates with three strikes who cannot satisfy the imminent danger exception are not barred from filing additional federal actions, rather they are denied the privilege of proceed *in forma pauperis* and must pay the requisite filing fee in full prior to commencing a new action. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) (en banc)).[3] Thus, when denying or

---

[1] The three strike rule announced by the United States Court of Appeals for the Third Circuit in *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013) is that "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous, malicious, or fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915e(2)(B)(ii) or Rule 12(b)(6) of the Federal Rules of Civil Procedure."

[2] Courts are entitled to take judicial notice of public records, such as court records and case docket sheets. *DiNicola v. DiPaolo*, 945 F. Supp. 848, 854 n. 2 (W.D.Pa. 1996).

[3] The prisoner is still required to pay the costs of his action, paying an initial partial fee followed by installment payments until the entire fee is paid. 28 U.S.C. § 1915(b)(1).

revoking an inmate's *in forma pauperis* status because of his or her accrual of three strikes, the court must determine what strikes the inmate accrued prior to imitating the action immediately before the court. *Gibbs v. Ryan*, 160 F.3d 160, 162 (3d Cir. 1998). If determined to have three qualifying strikes to their name, then the court must consider whether the inmate qualifies for the "imminent danger" exception.

When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." *Abdul–Akbar*, 239 F.3d at 312. Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998) (quotations omitted).

C. *Discussion*

The Court takes judicial notice of the fact that Thomas has at least "three strikes" within the meaning of 28 U.S.C. § 1915(g):

1) *Thomas[4] v. Court of Common Pleas*, No. 2: 92-cv-5290 (Eastern District of Pennsylvania, Memorandum and Order of September 22, 1992, dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(d));[5]

---

[4] The docket in this case reflects Plaintiff's inmate number as AY5944; the Court has confirmed with the Department of Corrections that Thomas's inmate number changed from AY5944 to CY4327 on February 28, 1996.

[5] Prior to the 1996 amendments to the Prison Litigation Reform Act ("PLRA"), § 1915(d) read as follows: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that

3

2) *Thomas v. McCoy*, 1:10-cv-1639 (Middle District of Pennsylvania, Memorandum and Order of September 22, 2011, dismissing complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)), *summarily affirmed*, No. 11-4309, 467 F. App'x 94 (3d Cir. March 9, 2012); and

3) *Thomas v. Vuksta,* No. 1:11-cv-1089 (Middle District of Pennsylvania, Memorandum and Order of May 25, 2012, dismissing amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)), *summarily affirmed*, No. 12-2612, 481 F. App'x 33 (3d Cir. July 27, 2012).

Although Plaintiff has had at least three previous "strikes," he may be entitled to proceed *in forma pauperis* under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger element, Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (overruling *Gibbs v. Roman,* 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. *Gibbs v. Cross*, 160 F.3d 962, 965 (3d Cir. 1998); *Gibbs v. Roman,* 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a

---

the action is frivolous or malicious." As part of the 1996 amendments to the PLRA, § 1915(d) was redesignated as subsection (e). Pub.L. No. 104–134, 110 Stat. 1321 § 804(d).

complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

*Abdul-Akbar*, 239 F.3d at 315 (internal citation omitted).

After reviewing the allegations contained in the Complaint, the Court finds that Thomas has not sufficiently and credibly alleged imminent serious danger of bodily injury. Thomas alleges that the "physical assault" and "hand cuffed assault" occurred on June 30, 2015, at SCI-Houtzdale. Significantly at the time this lawsuit was filed, Plaintiff was housed at SCI-Benner, where he continues to be housed. As our appellate court instructed, a plaintiff must allege facts showing that he was in imminent danger <u>at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g)</u>. *Abdul-Akbar*, 239 F.3d 307 (3d Cir. 2001)

### III. <u>Conclusion</u>

Based on the discussion above, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fees, totaling $400.00.

Plaintiff is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, may file objections to this Report and Recommendation by May 1, 2017. Plaintiff is cautioned

that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).


Dated: April 12, 2017.

<u>/s Cynthia Reed Eddy</u>
Cynthia Reed Eddy
United States Magistrate Judge

cc: ROBBIE THOMAS
     CY-4327
     SCI Benner Township
     301 Institution Drive
     Bellefonte, PA 16823
     (via U.S. First Class Mail)